# P. D. WINSHIP v. JULIUS A. SCHMAHL.[1]

### August 31, 1912.[2]

### No. 17,840.

**Primary election — affidavit of nomination.**

>    *Held:* (1) August 28, 1912, was the last day for filing with the secretary of state the affidavit for nomination as candidate for representative to the legislature to be placed on the ballot for the primary election on September 17 in that year, and (2) relator's affidavit, in designating the class as "B" instead of "2" was a substantial compliance with the statute, Laws 1912, p. 4, c. 2. [Reporter]

P. D. Winship obtained from the court an order directing Julius A. Schmahl, as secretary of state, to receive and file relator's affidavit, and upon payment of the proper fee to cause relator's name to be placed upon the ballots to be used at the primary election on September 17, 1912, as a candidate for nomination as a Democrat for the office of representative in the legislature from the Fifty-third legislative district, Class 2 thereof, or show cause why he had not done so.

Respondent in his answer admitted that relator presented his affidavit of nomination, with the required fee, on August 28, 1912, and alleged that respondent refused to accept the affidavit and the fee because (1) the statutory time for offering the same terminated with the close of office hours at 5 P. M. on August 27, 1912; (2) insufficiency of the affidavit in not containing all the statements required under the general election laws as amended by Laws 1912, p. 4, c. 2; and (3) that the affidavit was particularly defective in attempting to have relator's name certified by the various auditors of the counties constituting the Fifty-third legislative district as being a candidate for representative in Class B, Democratic ticket.

*Thomas D. O'Brien,* for relator.

*Lyndon A. Smith,* Attorney General, and *C. Louis Weeks,* Assistant Attorney General, for respondent.

[1] Reported in — N. W. —.
119 M.—11.

[2] Special session of the court.

PER CURIAM.

This matter was heard upon an order requiring the respondent to show cause why he should not be directed to receive and file the relator's affidavit for nomination as Democratic candidate for representative in the legislature from the Fifty-third legislative district, Class 2, and to cause the relator's name so to be placed upon the ballots to be used at the primary election on September 17, 1912.

After hearing the parties and duly considering the matter, we have reached the conclusion that the relator's affidavit for nomination with the necessary filing fee was tendered to the respondent on August 28, 1912, and in due time, such day being the last day for filing such affidavits, and that the relator's affidavit was not technically correct, in that it designated the class as "B" instead of "2," but that such designation of the class number was substantial compliance with the statute.

It is therefore ordered that the respondent Julius A. Schmahl, as secretary of state, accept the relator's affidavit, if accompanied with the legal filing fee, file the same as of August 28, 1912, and forthwith certify to the several county auditors in the Fifty-third legislative district the name of the relator as a Democratic candidate in Class 2 at the ensuing primary election for representative from such district.